Askew *et al.* *vs.* Carr.

## Askew *et al.* *vs.* Carr.

1. A bill for specific performance to compel defendant to make title to complainants to certain lands, which they alleged they had purchased from him, was properly dismissed where their evidence showed that, at the time of filing the bill and at the time of the trial, they were indebted to him in a large amount for the purchase money, which they had failed to tender him, and when their evidence did not show that they had made an offer to perform their part of the contract or were able to perform it, and where the description of the land in the bill and in the evidence was so vague and uncertain that its boundaries could not have been described by the court in its decree with sufficient certainty.

2. A ground of exception that the court refused to allow certain witnesses to testify, cannot be considered when the record fails to disclose what the testimony was, or what the witnesses would have testified; but assuming that the testimony would have been that complainants made a contract with one Turner as to the land, and that the contract made by them with defendant was the same as that made with Turner, and that the witnesses would have testified as to what the contract between complainants and Turner was, the evidence would have been immaterial, because witnesses for complainants had testified that the contract with defendant was the same as that made with Turner, that defendant had simply taken Turner's place, and that complainants had explained to defendant, at the time, the terms of the contract between them and Turner. But the exclusion of testimony as to what the contract between complainants and Turner was, because Turner was dead, was an exclusion for a wrong reason; though the evidence was properly excluded, as stated.

December 3, 1888.

Specific performance. Equity. Evidence. Practice. Before Judge Lumpkin. Hancock superior court. April term, 1888.

Reported in the decision.

Reese & Little, by Harrison & Peeples, for plaintiffs.

Thos. E. Watson and James A. Harley, for defendant.

SIMMONS, Justice.

This was a bill filed by complainants against Carr, in which they prayed for a decree for specific performance. Upon the trial of the case, after hearing the evidence submitted by the complainants, the chancellor, on motion of the respondent, dismissed the bill upon the gound that the complainants had failed to show that they were entitled to the relief prayed for in the bill. Complainants excepted, and assigned as error the decision of the court sustaining the motion to dismiss the bill, and granting the order dismissing the same. They also assigned as error the refusal of the court to admit the evidence of A. S. and A. C. Askew as to the contract of Thomas M. Turner and his sayings and doings.

- 1. This bill was for specific performance, to compel Carr to make titles to complainants to certain lands, which they alleged they had purchased from him. We think the chancellor was right in dismissing the bill upon the grounds alleged in the bill of exceptions. Putting the most favorable construction on the evidence for the complainants to support their bill, it shows that at the time of the filing thereof, they had failed to tender to Carr the balance of the purchase money, which, according to their evidence, they owed him at the time they filed their bill, and at the time they testified at the trial. Their evidence shows that at the time they filed their bill, and even at the time of the trial, they were indebted to Carr in a large amount for the purchase money of this land. We do not see by what right they could go into a court of equity and ask that Carr be compelled to perform his part of the contract, unless they showed that at the time they filed their bill they had performed their part of the contract, or that they had made an offer to perform their part and were able to do so. Besides, under the allegations in the bill and

the proof they made on the trial, it would be impossible for a court of equity to have entered up a decree compelling Carr to make them titles. The description of the land in their bill was too vague and uncertain, and the evidence at the trial was still more so. Under the description in the bill and the evidence going to support the allegations therein, no court could have described the boundaries of this land with sufficient certainty to authorize it to enter a decree thereon, compelling Carr to make each one of these complainants titles to the portions of the land which they alleged belonged to them.

2. They complain also, in the bill of exceptions, that the court refused to allow them to testify as to what the contract was between them and Turner, because Turner was dead. There was no error in this ruling of the court. The court put its ruling upon the ground that, Turner being dead, and it being a contract the complainants made with him, they would not be allowed to testify concerning it. The judgment of the court was right, according to the record before us; but we think the court put its judgment on the wrong reason. We cannot consider this ground, because the record fails to disclose what the testimony was, or what the witnesses would have testified to concerning the contract between them and Turner. Assuming that the contract between them and Carr was the same as the one between them and Turner, it would have been irrelevant. Two of the Messrs. Askew testified that they had made the same contract with Carr that they had made with Turner, and that Carr simply took the place of Turner in the contract, and that they had explained to Carr at the time the terms of the contract between them and Turner, and that Carr had assumed the place of Turner in the contract. If this was true, it was unnecessary,

and therefore irrelevant, for them to testify what was the contract between them and Turner. Whether the court was right or wrong in excluding the testimony about the contract between the complainants and Turner, its judgment in dismissing the bill must necessarily be the same, because, as said before, they made no tender for the performance of their contract before they filed this bill, nor could the court have made an intelligent decree on the vague and uncertain allegations and evidence as to the description of the land. The judgment is affirmed without prejudice to the complainants to bring another bill if they should hereafter comply with their contract.

Judgment affirmed.